UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE WILLIAMS, JR., : | |
| Petitioner, : | |
| : | |
| v. : | No. 2:18-cv-00313 |
| : | |
| SUPERINTENDENT, SCI SOMERSET; : | |
| THE DISTRICT ATTORNEY OF : | |
| PHILADELPHIA COUNTY; and THE : | |
| PENNSYLVANIA ATTORNEY GENERAL, : | |
| Respondents. : | |

**O P I N I O N**
Report and Recommendation, ECF No. 25 – Adopted

**Joseph F. Leeson, Jr.**                                                                                         **March 3, 2020**
**United States District Judge**

**I.     INTRODUCTION**

Petitioner George Williams, Jr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Philadelphia County Court of Common Pleas for second-degree murder, conspiracy, and firearms charges. Magistrate Judge Marilyn Heffley issued a Report and Recommendation ("R&R") recommending that the habeas corpus claims be denied and dismissed. Williams has filed objections to the R&R. For the reasons set forth below, the R&R is adopted.

**II.    STANDARDS OF REVIEW**

**A.     R&R**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099,

1
030220

1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). In the absence of a specific objection, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report, *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987); therefore, the court should review the record for plain error or manifest injustice. *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

  **B.**   **Habeas corpus petitions under 28 U.S.C. § 2254**

  Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750

(1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *See also* 28 U.S.C. § 2254(d);[1] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v.*

---

[1] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

*Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

    **C.**    **Claims of ineffective assistance of counsel**

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *Id.* at 86. To establish prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct"). The court must consider the totality of the evidence and the burden is on the petitioner. *Id.* at 687, 695.

When considering ineffective assistance of counsel claims under § 2254, the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable. *Knowles*, 556 U.S. at 123. "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (describing "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

IV. ANALYSIS

Magistrate Judge Heffley reviewed the numerous habeas claims and determined that all claims are procedurally defaulted and/or meritless. Williams filed objections to the R&R. This Court has conducted de novo review of all of Williams's claims, but writes separately to further address only some of his objections. The R&R is adopted and incorporated herein.

A. **Williams's objection to the Magistrate Judge's citation to the factual background as summarized by the state court is overruled.**

Williams objects to the Magistrate Judge's reliance on the facts as summarized by the Pennsylvania Superior Court as allegedly contrary to *Strickland*. *See* Objs. 1-4, ECF No. 27. Williams asserts these facts were based on the sufficiency of the evidence as viewed in the light most favorable to the Commonwealth, but the ineffectiveness claims should be considered based on the totality of the evidence. *See id.* Williams complains that these facts ignore weaknesses in the Commonwealth's evidence, such as inconsistencies in witness Miller's statements and Williams's assertion that he was an innocent bystander. *See id.*

After review, the Court finds that although the Magistrate Judge cited to the Pennsylvania Superior Court's summary of the facts in the background section of the R&R, the Magistrate Judge considered the totality of the evidence when analyzing the habeas claims. *See, e.g.* R&R 9, 16, ECF No. 25. In addressing the habeas claims, the Magistrate Judge discussed, *inter alia*, Miller's different statements to police and the defense's "'mere presence' theory of the case."[2] *See id.* at 28, 34. Additionally, the Magistrate Judge specifically considered and rejected Williams' claim that the Pennsylvania Superior Court's decision affirming the denial of post-

---

[2] After de novo review, Williams's objection to the Magistrate Judge's resolution of his ineffectiveness claim regarding the defense theory, *see* R&R 27-29, is overruled for the reasons set forth in the R&R. *See* Objs. 14-15.

conviction relief was contrary to *Strickland* because it was based on the sufficiency of the evidence, as opposed to the totality of the evidence. *See id.* at 16 n.4. The first objection is therefore overruled.

  **B. Williams's objection to the rejection of his *Breakiron* claim is overruled.**

In his second and sixth objections, Williams objects to the Magistrate Judge's analysis of his *Breakiron*[3] claim: that trial counsel was ineffective for failing to request an instruction on theft, a lesser included crime of robbery. *See* Objs. 4-10, 13, 15. The Magistrate Judge concluded that *Breakiron* was not persuasive because unlike the defendant in *Breakiron*, who pursued a defense that he was only guilty of theft, not robbery, Williams did not pursue such a defense. *See* R&R 35-36. Rather, Williams alleged at trial that he was an innocent bystander, in contrast to the defendant in *Breakiron* who admitted to the theft underlying the robbery charge. *See United States v. Ware*, 595 F. App'x 118, 121 (3d Cir. 2014) (holding that counsel was not ineffective because unlike in *Breakiron*, "requesting a lesser-included jury instruction would have been contrary to the defense narrative"). This Court agrees with the Magistrate Judge that the evidence did not support an instruction that Williams only intended to steal from the victim. *See* R&R 35-36.[4] Moreover, while the defendant in *Breakiron* was charged with robbery, the robbery charge against Williams was nolle prossed and did not even go to the jury. Williams's reliance on *Breakiron* is therefore misplaced. All objections based on *Breakiron* are overruled.[5]

---

[3] *Breakiron v. Horn*, 642 F.3d 126, 138 (3d Cir. 2011) (holding that trial counsel was ineffective for failing to request an instruction on theft as a lesser included offense despite counsel's trial strategy of admitting to the theft but challenging the robbery charge).
[4] The Magistrate Judge also determined that because the claim was meritless, counsel's failure to raise it in the state courts could not be excused and the claim was procedurally defaulted. *See* R&R 35-36. For the reasons set forth in the R&R, this Court agrees that the *Breakiron* claim lacks merit and is procedurally defaulted.
[5] Williams makes additional objections to the jury instructions, which are addressed below.

### C. Williams's objections to the legal standards are overruled.

Williams's next objection, which challenges the legal standard in pages six through eight of the R&R because it is not being tailored to the facts of his case is frivolous. *See* Objs. 10. Williams does not dispute the correctness of the law as stated in the R&R; therefore, the objection is overruled.

Williams's objection to the legal standard regarding the ineffective assistance of counsel on pages eight and nine of the R&R is similarly without merit. *See* Objs. 10-12. Williams contends that the R&R does not "accurately and comprehensively describe the tests for ineffective assistance of counsel," but does not suggest that the standard in the R&R was incorrect. Rather, the caselaw cited in the objections is generally[6] consistent with the law

---

[6] The general standards announced in *Lee* and *Garza*, cases which Williams cites in his objections, are applicable here; however, Williams misinterprets the holdings in those cases. Williams incorrectly suggests that those cases hold that a petitioner convicted after a trial need not show that the trial would have resulted in a more favorable outcome but for the ineffectiveness of counsel. However, neither case addressed an ineffectiveness claim in the trial context. In *Lee*, the court considered whether counsel's failure to correctly advise a defendant about the immigration consequences of his guilty plea was prejudicial. *See Lee v. United States*, 137 S. Ct. 1958 (2017). The court concluded that it was because if the defendant had been correctly advised (no ineffectiveness) he would not have pled guilty. Thus, the outcome of the proceedings would have been different as the defendant would have insisted on going to trial and would not have pled guilty. *See id.* at 1969 (concluding "Lee has demonstrated a 'reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'"). In *Garza*, the court considered whether counsel's ineffectiveness caused a defendant to forfeit his right to appeal. *See Garza v. Idaho*, 139 S. Ct. 738 (2019). The court determined that because counsel failed to file an appeal that the defendant specifically told counsel to file, there was prejudice as the outcome of the proceedings would have been different: an appeal would have been filed, but for counsel's ineffectiveness. *See id.* at 750. Williams's reliance on *Vickers* is similarly misplaced because the circuit court was not addressing alleged ineffectiveness during a trial; rather, the court considered whether counsel's ineffectiveness prior to trial, by failing to ensure that the defendant properly waived his right to a jury trial, deprived the defendant of his right to a jury trial. *See Vickers v. Superintendent Graterford Sci*, 858 F.3d 841 (3d Cir. 2017). The court concluded that there was no prejudice because the defendant "has not established on this record a 'reasonable probability' that, but for counsel's deficiency, Vickers would have elected to proceed by way of jury trial." *Id.* at 858.

provided in the R&R.  *Cf.* Objs. 11-12 (asserting that "the proper inquiry for prejudice is whether the defendant can demonstrate a reasonable probability that, but for counsel's ineffectiveness, he would have opted to exercise the right at issue" (internal quotations omitted)), *with* R&R 9 (stating that to establish prejudice, "a petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (internal quotations omitted)).  Accordingly, the objection is overruled.

Williams's next objection, that the Magistrate Judge erred in concluding that the failure to hold an evidentiary hearing is not a denial of due process, is overruled.  Counsel confuses the concepts of the level of deference owed to a state-court opinion rendered without adequately developed facts, with an independent due process claim for denial of an evidentiary hearing.  *See* Objs. 12-13.  The Magistrate Judge correctly rejected Williams's contention that the PCRA court's failure to conduct an evidentiary hearing could be an independent constitutional claim under habeas.  *See* R&R 10.  Further, after review of the R&R, this Court finds that the Magistrate Judge did not afford the improper level of deference to the state court.  The PCRA court refused to hold an evidentiary hearing because there were no genuine issues of material fact raised by the PCRA petition,[7] and Williams's has not alleged any in his objections that suggest an evidentiary hearing was needed to develop the facts.  The objection to page ten of the R&R is therefore overruled.

---

[7]  *See* PCRA Opinion 6 dated December 17, 2010 (citing *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) ("There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.")).

### D. Williams's objections regarding use of the uncharged predicates are overruled.

Williams objects to the Magistrate Judge's resolution of his claims challenging the use of uncharged predicates to establish second-degree murder. *See* Objs. 13 (objecting to R&R 8-10). Some of his arguments in support of this objection, his sixth, overlap with arguments in his tenth objection. Accordingly, Williams's objections based on lack of notice and failure to charge the predicate felonies are addressed in this section. Any objections regarding jury instructions on the predicate offenses are discussed in Section H below.

As to Williams's objection that he was not charged with the predicate felonies to the second-degree murder charge, this claim was thoroughly analyzed by the Magistrate Judge. For the reasons correctly explained in the R&R, as well as by the state courts in numerous decisions, the claim lacks merit. *See, e.g.* R&R 15. Specifically, the law does not require that a defendant be charged with the predicate offense to a second-degree murder charge. *See id.* Further, the Commonwealth is not required to prove that the defendant actually committed the predicate offense. *See id.*

Next, Williams objects to the lack of notice because the predicate offenses were not among the separate charges before the jury. *See* Objs. 13, 18. However, robbery and kidnapping were separately charged in the Criminal Complaint, even though there was no requirement that they had to be charged. Although the separate kidnapping charge was dismissed at the preliminary hearing level, the robbery charge was included in the Criminal Information filed with the Court of Common Pleas. It was not until the pretrial motions hearing, the day before trial, that the Commonwealth stated it was not moving on the separate robbery charge because it did not want to confuse the jury as to why robbery was separately charged but kidnapping was not. *See* N.T. 22:12 – 23:16, Motion, Volume 1, October 4, 2010. The Commonwealth also

stated for the record that it would "seek for second degree murder to go in for both robbery and kidnapping." *See id.* The Commonwealth explained that these matters had previously been discussed between the Commonwealth attorney and the defense attorney. *See id.* Moreover, it was clear from the facts of the probable cause affidavit to the Criminal Complaint that kidnapping and/or robbery would serve as the predicate felony to a second-degree murder charge.[8] Williams therefore had notice from the date of his arrest that robbery and/or kidnapping would serve as the predicate felony to a second-degree murder charge and this information was reaffirmed on the record prior to trial. Williams's lack of notice argument is therefore meritless.

Consequently, Williams's objections regarding the use of uncharged predicates are overruled.

    **E.**    **Williams's objections to the denial of his ineffectiveness claim for not seeking to suppress the search of Williams's cell phone are overruled.**

Williams asserts that he did not procedurally default the claim that counsel was ineffective for not seeking to suppress the search of Williams's cell phone because both trial counsel and PCRA counsel were ineffective for not raising the issue. *See* Objs. 13-14. He further argues that the search was unlawful because it was conducted prior to the issuance of a search warrant.

Upon de novo review, this Court also finds that the claim is procedurally defaulted because it was not raised in the state courts. Further, because the claim lacks merit, PCRA counsel was not ineffective for failing to raise it and *Martinez* offers no relief. Notably, in the Memorandum of Law supporting the habeas petition, Williams alleged that the cell phone was

---

[8]     Although the affidavit also discussed, and Williams was charged with, felony firearms violations, the predicate felonies for a second degree murder charge are limited to "robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping." *See* 18 Pa. C.S. § 2502(b), (d).

searched without any warrant for the phone having ever been issued. *See* Habeas Memo. 31, ECF No. 1. However, the Respondents established the inaccuracy of this argument by attaching a copy of the warrant for the cell phone to their Response. *See* Resp. 44 and Ex. F, ECF No. 21. In his objections, Williams now asserts, based solely on the fact that the warrant stated that the owner of the phone was Williams, that the warrant was obtained after the cell phone was searched. This argument is entirely baseless. The probable cause affidavit to the warrant explains that the police recovered a cell phone bearing serial number 29CEE784 "from Williams" and that Williams reported that he had certain specific information, which the police deemed pertinent to the criminal investigation, "inside of his cell phone." A search warrant was approved for the cell phone bearing serial number 29CEE784. Counsel's suggestion that the police lied to obtain the cell phone warrant after having already conducted an illegal search without a warrant is completely unfounded. In light of the warrant, trial counsel had no grounds to move to suppress the search of the cell phone and Williams's claim of ineffectiveness is meritless. The objection is overruled.

### F. Williams's objection to the Magistrate Judge's resolution of his Confrontation Clause claim is overruled.

Williams objects to the Magistrate Judge's determination that his claim alleging trial counsel's ineffectiveness for failing to object to testimony on Confrontation Clause grounds is procedurally defaulted. *See* Objs. 15. In support of his objection, Williams cites to a statement made by the PCRA court at the PCRA hearing regarding waiver of the claim. *See id.* However, Williams ignores the Magistrate Judge's explanation that the reason the claim is procedurally defaulted is not because it was not addressed on direct appeal or even at the PCRA hearing, but because it was not raised on PCRA appeal to the Pennsylvania Superior Court. It is for this reason that the claim is procedurally defaulted. *See Vaughter v. Lamas*, No. 12-493, 2013 U.S.

Dist. LEXIS 186367, at *18-23 (E.D. Pa. June 28, 2013), *adopted by* 2014 U.S. Dist. LEXIS 38137, at *33-35 and n.8 (E.D. Pa. Mar. 24, 2014) (determining that the claim was procedurally defaulted because it was not raised on appeal from denial of PCRA relief and that "[a]ny failings of Petitioner's appellate PCRA counsel would not qualify for the *Martinez* exception, which explicitly limited an excusable cause of procedural default to ineffective assistance of counsel at the initial stage of collateral proceedings"); *Aponte v. Palakovich*, No. 09-3275, 2009 U.S. Dist. LEXIS 128422, at *4 (E.D. Pa. Oct. 15, 2009) ("If [a petitioner] is unsuccessful in the PCRA court, he must appeal the denial of relief to the Superior Court in order to comply with the exhaustion requirement.").

Furthermore, Williams's mere assertion that procedural default does not apply because "the gist of [his] habeas petition is actual, factual innocence," *see* Objs. 15, is insufficient. The Supreme Court has cautioned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386-87 (quoting *Schlup*, 513 U.S. at 329). Williams, who does not allege the existence of new evidence, has not made the required showing. Accordingly, the objection is overruled and the claim is dismissed as procedurally defaulted.

**G.   Williams's objection to the use of his nickname "Killa" is overruled.**

In his objections, Williams reasserts his habeas claim that the repeated use of his nickname, "Killa," was unfairly prejudicial and constituted prosecutorial misconduct. *See* Objs. 17-18. His objection is two sentences long, which is the same length as the argument he offered in both the petition for writ of habeas corpus and the memorandum of law supporting the

12
030220

petition, combined. *See* Habeas Pet. 9 and Habeas Memo. 35, ECF No. 1. Williams makes no attempt to explain why the state courts' resolution of this claim was incorrect, let alone show that the decisions were unreasonable, as is necessary to rebut the presumption of correctness owed to the state courts' rulings. Moreover, only trial counsel's alleged ineffectiveness in relation to the use of the nickname is cognizable on habeas review and Williams's objection makes no reference to ineffectiveness.

Nevertheless, the Court has considered this issue and adopts the Magistrate Judge's analysis. The R&R explained that the trial court ruled that Williams's rap name, Killa, which the jury heard Williams gave to himself because he was a rapper, was relevant in that the witnesses only knew Williams by that name and identified Williams only as Killa. *See* R&R 18-19 (quoting the trial court's opinion pursuant to Rule 1925(b)). Additionally, as the Pennsylvania Superior Court noted, the Commonwealth did not use the nickname to suggest that Williams was violent. *See* R&R 19 (quoting the Superior Court's opinion on direct appeal). Accordingly, the prosecutor's comments did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. *See id.* at 27. Moreover, trial counsel did object, both pretrial and post-trial, to use of the nickname. *See* R&R 18. For all these reasons the claim lacks merit and the objection is overruled.

        H.        **Williams's objection to unfair trial jury instructions.**

In his tenth objection, Williams objects to the Magistrate Judge's failure to address his due process claim alleging the denial of a fair jury trial. *See* Objs. 16-18.[9] Williams contends,

---

9     This objection is a word-for-word recitation of Ground Two in the Memorandum supporting the habeas petition. *Cf.* Objs. 16-18, *with* Habeas Memo. 33-35. Some of the arguments in this objection were also made in prior objections. *See, e.g.* Objs. 13. To avoid repetition, the Court has limited Section H to Williams's objections based on the jury

13
030220

first, that the failure to tailor the jury instructions to the facts of his case deprived him of a fair trial. However, he fails to allege how the instructions should have been tailored differently, aside from his claiming that the jury was not instructed on all lesser-included offenses.

Further, Williams's complaint that "the jury was not instructed on all lesser included offenses of robbery and kidnapping," *see* Objs. 13, 16-18, lacks merit for two reasons. First, because neither robbery nor kidnapping were charged as individual counts, trial counsel had no basis to request a separate instruction that would allow the jury to convict on any lesser-included offenses to these crimes.[10] Second, to the extent that robbery and kidnapping served as the predicate offenses to the second-degree murder charge, the jury was instructed on the elements of second-degree murder, of robbery, and of kidnapping. In this context, the jury was also instructed on the elements of theft as the predicate offense for robbery. *See* Notes of Testimony ("N.T."), Trial, Volume I, October 12, 2010, at N.T. 188:21 – 190:8. Contrary to Williams's suggestion, there is no lesser-included or predicate offense to kidnapping regarding which the jury could have been instructed. *See Commonwealth v. Ackerman*, 361 A.2d 746, 749 (Pa. 1976) (holding that "unlawful restraint cannot be said to be necessarily included within the crime of kidnapping"); *Commonwealth v. James*, 121 A.3d 1132 (Pa. Super. Ct. 2015) (reaffirming that "unlawful restraint is not a lesser included offense of kidnapping"). Accordingly, because the jury was properly instructed on all the elements to which it had to find beyond a reasonable doubt in order to convict Williams of the charged offenses, there was no error and no due process violation.

---

instructions. Williams's lack of notice argument regarding uncharged predicates was previously addressed in Section D and the *Breakiron* claim was discussed Section B above.
[10] Williams's objection that the jury should have been instructed on the lesser included offense of theft pursuant to *Breakiron* was further considered and overruled in Section B, *supra*.

Finally, as to Williams's argument that the jury was not informed it had to reach a unanimous verdict on the predicate offenses, this claim is procedurally defaulted. This Court has conducted de novo review of the state court record including all motions, briefs, and state court opinions.[11] The unanimity issue was never raised, whether as trial court error or counsel's ineffectiveness, before the state courts. It is therefore procedurally defaulted and is dismissed.[12]

Williams's final objection is overruled.

I. **There is no basis for the issuance of a certificate of appealability.**

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

---

[11] This Court reviewed, *inter alia*, Williams's statement of matters complained of on direct appeal, his supplemental statement, his post-sentence motion, the trial court and Pennsylvania Superior Court's opinions on the same, Williams's PCRA petition, his amended pro se PCRA petition, his response to the Commonwealth's motion to dismiss the PCRA petition, his objections to the PCRA court's notice of intent to dismiss, his corrected memorandum in support of the PCRA petition, the PCRA court's opinion, Williams's statement of matters complained of on appeal from the denial of PCRA relief, and the Pennsylvania Superior Court's opinion affirming the denial of PCRA relief.

[12] The fundamental miscarriage of justice exception does not apply because Williams does not allege the existence of new evidence.

For the reasons set forth herein and in the R&R, Williams has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment debatable or wrong.

## V. CONCLUSION

After de novo review of Williams's objections to the R&R, and for the reasons set forth herein, the R&R is adopted. The objections are overruled and the habeas claims are denied and dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge